THE plaintiff Beverley, an improvident young man, in order to be supplied with money for present purposes of gaming and squandering, having agreed, whilst he was under age, to sell his land, worth four hundred pounds, for the value of forty or fifty pounds, to Hipkins, who paid the consideration partly in tobacco, and partly in paper money, refused to abide by the bargain, when he attained his full age; offering however to repay the value which he had received, with interest. Hipkins, unwilling to forego the benefit of the contract, and complaining of the breach of it by Beverley, proposed a reference of the controversy between them to arbitrators, the friends of Beverley, knowing the influence over bis mind, which, by ministering aliment to his rage for play, and prac-tising on his habits of dissipation, Hipkins had gained, and suspecting (a) that this *156 proposition was made with hopes to profit by that influence, would have dissuaded Beverley from consenting to the reference; and he declared to them he would not consent to it. notwithstanding which, the same day, he was prevaled upon to submit the matter to the arbitrators, who adjudged him to pay three hundred pounds, to secure which he granted his bond, some time afterwards Beverley became bail for appearance of Hipkins, arrested in an action of debt against him brought by one Buckner, and, by the management of Hikpins, was compelled to pay the money recovered by Buckner, which exceded one hundred pounds, the defendent commenced an action, and obtained a judgement, against the plaintiff, on the bond for payment of the three hundred pounds awarded; and to be protected from that judgement, by an injunction to stay execution of it, was the object of this suit.
The court was of opinion that by the award the plaintiff ought not to have been charged, because refusing to perform a contract, which was not only void in law but made in such circumstances that, if infancy of one party were not in the case, a *court of equity ought not to have decreed a performance of it, the plaintiff did no injurj'; so that the award condemning him to pay damages for that refusal seemed illegal; and if it be illegal, relief against it, 'aobond having been granted in conformity with it, was conceived to be properly sought in equity. and1 the court was also of opinion, if the plaintiffs refusing to perform such a contract could be "denominated an injury, or if relief in equity could not be properly sought against an award condemning him who hath not done injury to pay damages, that the damages awarded in this case exceeded any measure of reparation, authorised by the principles of equity, so far, that this alone is sufficient to prove the arbitrators to have proceded in some unjustifiable manner, (b) for which their act, and the bond in consequence of it, ought not to be accounted valid; and the plaintiff, in satisfying Buckners judgement, having paid more than he justly owed to the defendents testator; the court, 26 day of October, 1791, decreed the injunction, which had been awarded upon presenting the bill to be perpetual._

 Their suspicion seemed justified by the sequel. —Note in edition of 1795.

 The injury for which Hipkins demanded reparation was that Beverley endeavoured to escape the ruin which the art of Hipkins was contriving, those, who could approve such a demand, perhaps would have thought the demand of Fimbria plausible, wbo having wounded Scaevola, whom he intended to slay, and finding the wound not mortal, cited him, after he recovered, to appear before the judges, and being required to state the cause of his complaint against Scaevola, answered quod non totum telum corpore recepisset. Gic. orat. pro. S. Roscio Amer-Note in edition of 1795.